UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MICHAEL MILLIKEN,<br><br>            Plaintiff,<br><br>      vs.<br><br>ALFARO, et al.,<br><br>            Defendants. | 1:20-cv-00963-DAD-GSA-PC<br><br>**SCREENING ORDER**<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND**<br><br>**THIRTY-DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT** |

**I.    BACKGROUND**

James Michael Milliken ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on July 6, 2020, in the Sacramento Division of the United States District Court for the Eastern District of California. (ECF No. 1.) On July 13, 2020, the case was transferred to this court. (ECF No. 3.) The Complaint is now before the court for screening. 28 U.S.C. § 1915.

**II.   SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III. SUMMARY OF COMPLAINT

Plaintiff is presently incarcerated at the California Medical Facility in Vacaville, California. The events at issue in the Complaint allegedly took place at Corcoran State Prison (CSP) in Corcoran, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff names as defendants S. Alfaro (CDCR Director), Chief Deputy Warden D. Goss, and Chief Deputy Warden J. Perez (collectively, "Defendants").

A summary of Plaintiff's allegations follows:

Plaintiff alleges that while at CSP he was placed in Administrative Segregation (Ad-Seg). While in Ad-Seg Plaintiff received many reviews, but not all of the reviews were "meaningful." Comp at 5:5.

On April 17, 2019, Plaintiff was reviewed by the Departmental Review Board (DRB). DRB ordered Plaintiff's retention in Ad-Seg "pending OCS[1] investigation into Milliken's STG[2] Status." Comp at 5:8-9. The Chairperson was defendant S. Alfaro.

On May 2, 2019, Plaintiff was reviewed by CSP's ICC.[3] The Chairperson was defendant D. Goss. Defendant Goss ordered Plaintiff's retention in Ad-Seg "pending completion of investigation by OCS for STG Status." Complaint at 5:13-14.

On May 30, 2019, Plaintiff was reviewed by CSP's ICC. The Chairperson was defendant D. Goss. Goss ordered Plaintiff's retention in Ad-Seg "pending completion of investigation by OCS for STG Status." Complaint at 5:17-18.

On June 20, 2019, Plaintiff was revalidated by CSP's STG-UCC.[4]

On June 27, 2019, Plaintiff was reviewed by CSP's ICC. The Chairperson was defendant J. Perez. Defendant Perez ordered Plaintiff's retention in Ad-Seg based on Plaintiff's STG Status and referred the case to DRB for review and appropriate housing.

Plaintiff argues that the CSP ICC's reviews could not have been meaningful because they did not comply with Defendants' obligations under the settlement reached in Ashker v. Brown ("Ashker Settlement"), Doc. No. 424, Ex. A, Case no. 09-5796-CW (N.D. Cal. Sept 1, 2015). In the Ashker case, a class of prisoners argued that CDCR's practice of "assign[ing] inmates to the SHU[5] based solely on their membership in or association with prison gangs, without regard for the inmates' actual behavior" violated the class's Fourteenth Amendment right to due process. Ashker, No. C 09-5796-CW, 2013 WL 1435148, at *1 (N.D. Cal. Apr. 9, 2013). CDCR settled

---

[1] Office of Correctional Safety. See Ashker v. Newsom, 2019 WL 330461, at *7 (N.D. Ca. January 25, 2019).

[2] Security Threat Group. CCR § 3378.10.

[3] Institutional Classification Committee. See Jones v. Maxfield, 2016 WL 8731176, at *2 (E.D. Cal. July 22, 2016).

[4] Security Threat Group-Unit Classification Committee. See Ransom v. Lee, 2017 WL 10525951, at *3 (C.D. Cal. Apr. 20, 2017).

[5] Security Housing Unit. See Torres v. Gipson, 2020 WL 5039210, at *1 (Aug. 26, 2020).

with the class of inmates. The <u>Ashker</u> Settlement was signed by Jeffrey Beard, then-Secretary of CDCR on August 31, 2015. It was approved by U.S. District Court Judge Claudia Wilken on October 6, 2015. The <u>Ashker</u> Settlement thus bound CDCR well before the alleged constitutional violation occurred here.

Plaintiff contends that his retention in Ad-Seg was based on his STG status, violating the <u>Ashker</u> agreement. <u>Cf.</u> <u>Santos v. Holland</u>, 761 F. App'x 707, 712 (9th Cir. 2019) (Friedland, J., dissenting) (arguing that a plaintiff should bring in civil rights, rather than habeas, his claim that "he had been validated as a member of the Mexican Mafia" and noting that "the State of California reached the settlement in <u>Ashker</u>, agreeing it would no longer place inmates in Solitary Confinement solely on the basis of their gang validation status.")

Plaintiff alleges that his argument is clear, Defendants could not have given him a meaningful review while simultaneously ignoring, or deciding to violate, the <u>Ashker</u> Settlement.

Plaintiff seeks compensatory relief of $1.5 million and expungement of his STG validation.

**IV.   PLAINTIFF'S CLAIMS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" <u>Graham v. Connor</u>, 490 U.S. 386, 393-94 (1989) (quoting <u>Baker v. McCollan</u>, 443 U.S. 137, 144 n.3 (1979)); <u>see</u> <u>also</u> <u>Chapman v. Houston Welfare Rights Org.</u>, 441 U.S. 600, 618 (1979); <u>Hall v. City of Los Angeles</u>, 697 F.3d 1059, 1068 (9th Cir. 2012); <u>Crowley v. Nevada</u>, 678 F.3d 730, 734 (9th Cir. 2012); <u>Anderson v. Warner</u>, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the

federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A.   Due Process -- Fourteenth Amendment – Gang Validation

The Due Process Clause protects inmates against the deprivation of liberty without the procedural protections to which they are entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). To state a potentially colorable due process claim, plaintiff must identify the interest at stake. Id. at 221. If a protected interest is identified, the inquiry then turns to what process is due. Id. at 224.

The validation of prison gang members and gang affiliates is an administrative measure rather than a disciplinary measure, and as a result, prisoners are entitled only to minimal procedural protections of adequate notice and an opportunity to present their views prior to gang validation. Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003).

Evaluation of a prisoner's due process challenge to his gang validation and related housing first requires identification of the "prison official [who] was the critical decisionmaker,"

and a determination whether the prisoner "had an opportunity to present his views to that official." Castro v. Terhune, 712 F.3d 1304, 1308 (9th Cir. 2013); see also Castro v. Terhune, 29 Fed.App'x 463, 465 (9th Cir. 2002) ("due process. . . require[s]. . . a meaningful opportunity to present his views to the critical decisionmakers."); Castro v. Terhune, 237 Fed.App'x 153, 155 (9th Cir. 2007) (explaining the necessity of identifying "actual decisionmaker" as compared to an official acting as an "assistant" or "rubber stamp").

In addition, due process requires that a prison's determination to validate a prisoner as a gang associate be supported by "some evidence," which is a "minimally stringent" standard. Castro, 712 F.3d at 1314. "Some evidence" means "any evidence in the record that could support the conclusion." Bruce, 351 F.3d at 1287. This standard "does not require evidence that logically precludes any conclusion but the one reached." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 457 (1985).

Plaintiff alleges that he was "illegally validated as a STG-I AB.[6]" Comp at 4 ¶ 4. Thus, Plaintiff appears to allege that he was validated as a gang member without a meaningful opportunity to present his views to the critical decisionmaker, and thus that the decision validating him as a gang member was not supported by some evidence. See Rogers v. Cooper, 2019 WL 6307655, at *2 (E.D. Cal. Nov. 25, 2019).

As discussed above, the proper defendant in a case alleging denial of due process in the gang validation process is the critical decisionmaker. Id. Based on the allegations in the Complaint, Plaintiff has not identified defendants Alfaro, Goss, and Perez as the critical decisionmakers.

Because Plaintiff has not clearly identified the critical decisionmaker who validated Plaintiff as a gang member, Plaintiff's due process claims regarding his gang validation shall be dismissed with leave to amend. See id. If Plaintiff files an amended complaint identifying the critical decisionmaker, Plaintiff shall also describe in more detail how his due process rights were violated. See id. In particular, Plaintiff must describe how he was denied his right to

---

[6] Aryan Brotherhood prison gang. See Koch v. Lewis, 216 F.Supp.2d 994, 996 (D.Ariz. Aug. 30, 2001).

meaningfully present his views to the critical decisionmaker.  See id.  Plaintiff shall also describe why the decision validating him as a gang member was not supported by some evidence.  See id.  Finally, Plaintiff must clearly allege the consequences of his gang validation, i.e., for example, placement in segregated housing and the conditions he faced there.  See id.

### B.      Due Process – Fourteenth Amendment – Ad-Seg

The Due Process Clause of the Fourteenth Amendment of the U.S. Constitution protects individuals against governmental deprivations of life, liberty or property without due process of law.  Milliken v. Sturdevant, 05326-LHK, 2020 WL 2512381, at *15 (N.D. Cal. May 15, 2020), appeal dismissed sub nom. Milliken v. C. Studervant, No. 20-16192, 2020 WL 7383656 (9th Cir. Dec. 1, 2020).  Interests that are procedurally protected by the Due Process Clause may arise from two sources: the Due Process Clause itself and laws of the states.  Id. (citing see Meachum v. Fano, 427 U.S. 215, 224-27 (1976)).  In the prison context, these interests are generally ones pertaining to liberty.  Id.  Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law.  Id. (citing see Sandin v. Conner, 515 U.S. 472, 484 (1995) (citing Vitek v. Jones, 445 U.S. 480, 493 (1980) (transfer to mental hospital), and Washington v. Harper, 494 U.S. 210, 221-22 (1990) (involuntary administration of psychotropic drugs)).  Deprivations that are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a protected liberty interest, provided that the liberty in question is one of "real substance."  Id. (citing see Sandin, 515 U.S. at 477-87).  An interest of "real substance" will generally be limited to freedom from restraint that imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or "will inevitably affect the duration of [a] sentence."  Sandin at 484, 487.  The placement of an inmate in a highly restrictive housing setting may amount to a deprivation of a liberty interest of "real substance" within the meaning of Sandin.  See Wilkinson, 545 U.S. at 224.

When there is a deprivation of a liberty interest of real substance, the procedural protections to which the prisoner is entitled depend on whether the deprivation results from a disciplinary decision or an administrative decision.  Milliken, 2020 WL 2512381, at *15.  If it is

a disciplinary decision, the procedural protections required are written notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues are complex. Id. (citing Wolff v. McDonnell, 418 U.S. 539, 564-67 (1974)). The Due Process Clause requires only that prisoners be afforded those procedures mandated by Wolff and its progeny; it does not require that prisons comply with their own, more generous procedures. Id. (citing see Walker v. Sumner, 14 F.3d 1415, 1419–20 (9th Cir. 1994), *overruled on other grounds by* Sandin, 515 U.S. 472). A prisoner's right to due process is violated "only if he [is] not provided with process sufficient to meet the Wolff standard." Walker at 1420. There also must be some reliable evidence to support the disciplinary decision. Milliken, 2020 WL 2512381, at *15 (citing see Superintendent, 472 U.S. at 454; Cato v. Rushen, 824 F.2d 703, 704-05 (9th Cir. 1987)). "Ascertaining whether [the some-evidence] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached" by the disciplinary hearing officer. Superintendent, 472 U.S. at 455-56.

"[A] lesser quantum of process is due when a prisoner is placed in administrative segregation than is required by Wolff." See Toussaint v. McCarthy, 801 F.2d 1080, 1099 (9th Cir. 1986) (citing Hewitt v. Helms, 459 U.S. 460, 476 (1983)). For an administrative decision, due process requires that prison officials hold an informal non-adversary hearing within a reasonable time after the prisoner is segregated, inform the prisoner of the reason segregation is being considered, and allow the prisoner to present his views. Toussaint, 801 F.2d at 1100, 1104-05.

"Prisoners have a liberty interest in avoiding extended confinement in segregation housing without meaningful, periodic review of their housing placement." Brown v. Or. Dep't of Corr., 751 F.3d 983, 987–88 (9th Cir. 2014)).

Here, Plaintiff alleges that his retention in Ad-Seg violated his Fourteenth Amendment right to due process. Specifically, Plaintiff claims that he should not have been retained in Ad-

Seg based on a suspected gang tie, and that he was entitled to, but did not receive, periodic meaningful reviews by CSP's ICC regarding Plaintiff's retention in Ad-Seg.

Based on the foregoing, the Court finds that Plaintiff has identified a potential liberty interest. However, Plaintiff has not made factual allegations discussing the reviews that he received while in Ad-Seg and why they were not meaningful or frequent enough. Without this information, the court cannot determine whether Plaintiff states a due process claim for his retention in Ad-Seg. Plaintiff shall be granted leave to amend the Complaint to address the deficiencies in this claim identified by the court.

### C.      **Plaintiff Fails to State a Claim for Violation of a Settlement Agreement**

Plaintiff alleges that the CSP ICC's reviews could not have been meaningful because they did not comply with Defendants' obligations under the settlement reached in Ashker v. Brown ("Ashker Settlement"). See Dkt. No. 424, Ex. A, Case No. 09-5796-CW (N.D. Cal. Sept. 1, 2015). The Ashker Settlement provides that "CDCR shall not place inmates into a[n] . . . Administrative Segregation. . . . Program solely on the basis of their validation status." See Ashker Settlement ¶ 13. It appears that Plaintiff is attempting to enforce a settlement agreement from the case Ashker regarding determinate SHU terms. See Timberland v. Mascarenas, 2018 WL 4350066, *6 (E.D. Cal. Sept. 10, 2018).

Plaintiff claims that Defendants violated the terms of the settlement agreement in Ashker. However, even assuming that Plaintiff could demonstrate a violation of the Ashker settlement, Plaintiff cannot use a § 1983 action to enforce a settlement agreement formed in a different case. Molina v. Diaz, 2020 WL 8474859 (C.D. Cal. April 17, 2020) (citing see Anderson v. Mendoza, 2018 WL 6528429, at *6 (E.D. Cal. Dec. 12, 2018) (finding plaintiff was not entitled to relief based on his claims that his gang validation violated the Ashker settlement); Garcia v. Stewart, 2009 WL 688887, *7 (N.D. Cal. March 16, 2009) (finding plaintiff not entitled to relief under § 1983 based on allegations that the procedures used to revalidate him did not comply with the settlement agreement entered in Castillo v. Alameida, No. C 94–2847 MJJ–JCS (N.D. Cal. 2004); noting that alleged violation of settlement agreement does not state § 1983 claim "for the reason that a remedial court decree does not provide a right secured by the Constitution or laws of the

United States, the violation of which is a necessary element of a § 1983 claim") (citing West v. Atkins, 487 U.S. 42, 48 (1988). Moreover, it appears that the terms of the Ashker agreement specify procedures for enforcing the settlement agreement, which do not involve the filing of civil actions by individual class members. Id. (citing see Ashker, Case No. 4:09-cv-5796-CW, Dkt. No. 486-3, at 20-22 (N.D. Cal. Jan. 13, 2016); id., Dkt. No. 488 (N.D. Cal. Jan. 26, 2016)).

Accordingly, Plaintiff's claim for enforcement of the settlement agreement in Ashker must be dismissed.

**V.      CONCLUSION AND ORDER**

For the reasons set forth above, the court finds that Plaintiff fails to state any cognizable claims in the Complaint against Defendants Alfaro, Goss, or Perez. Therefore, the Complaint shall be dismissed. Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Plaintiff shall be granted leave to file an amended complaint.

Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). The amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d. 930, 934 (9th Cir. 2002.). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal at 678 (quoting Twombly, 550 U.S. at 555). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new defendants for unrelated issues. Plaintiff should also note that he has not been granted leave to add allegations of events occurring after the initiation of this suit on July 6, 2020.

Plaintiff is advised that an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and it must be complete in itself without reference to the prior or superseded pleading. Local Rule 220. Once an amended

complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Complaint, filed on July 6, 2020, is dismissed for failure to state a claim, with leave amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** of the date of service of this order, Plaintiff shall file an amended complaint:
4. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:20-cv-00963-DAD-GSA-PC; and
5. Plaintiff's failure to comply with this order shall result in a recommendation that this case be dismissed.

IT IS SO ORDERED.

Dated: **February 28, 2022**                **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE